them wholly, but it did adopt the periods provided for in such statutes, conditioning such adoption on this—that such periods should run only from the date of the adoption of the above-quoted section of the Transportation Act. In other words, if we understand counsel's contention, it is argued that it was the intent of Congress to extend, wherever extension was possible, the period of limitation designated under a particular statute, to some additional period, not, however, beyond two years from the date of passage of the Act. We are of the opinion that such construction would do the greatest violence to the expressed language found in the Act. It should be noted that while granting consent to the bringing of actions therein designated against the Federal Agent, the consent is given on the definite contingency or condition that such suits be brought within the period of limitation, where designated; that is, within the periods of limitation now prescribed by State or Federal statutes, but not later than two years from the date of passage of this Act.

The argument of counsel for defendant, supported by highest authority, is to the effect that the condition under which the United States Government consents to be sued through its Federal Agent, is a condition the language of which should be strictly construed. With this view, we are in entire accord.

In Davis vs. Donovan, 265 U. S. 257, 263, the United States Supreme Court held as follows:

"During the year 1919 the United States were in possession and complete control by the Director General of the important railroad systems throughout the country. Northern Pacific Ry. Co. vs. North Dakota, 250 U. S. 135. As the representative of the United States he was subject to be sued for the purposes, to the extent and under the conditions prescribed by statute and orders issued thereunder—and not otherwise. DuPont De Nemours & Co. vs. Davis, 264 U. S. 456."

See also Davis vs. O'Hara, 206 U. S. 314-317, in which it was held in an action against the United States that the railroads were taken over and operated by the United States in its sovereign capacity, and that the sovereign's immunity from suit was waived only to the extent indicated by statutes and orders of the Director General.

Prescription on actions against carriers for loss of, or damage to, shipment of goods is that which is provided by the law of the forum in which the action is brought. (17 Ruling Case Law, 694, 695; Campbell vs. Haverhill, 155 U. S., 610, 613; Chattanooga Foundry Co. vs. City of Atlanta, 203 U. S. 390, 397; Boman vs. Southern Menhaden Corporation, 294 Fed. 362.

Applying Act 223 of 1914 to the facts of this case, as previously discussed, we are of the opinion that the judgment maintaining the exception of prescription herein pleaded is correct and should be affirmed.

It is, therefore, ordered, adjudged and decreed that the judgment herein appealed from be and the same is hereby affirmed, at plaintiff's costs in both courts.

---

### No. 8949.
### Orleans Appeal.

PENICK & FORD, LTD., INC., Appellant v. JAS. C. DAVIS, Director General, Agent of the United States.

(May 25, 1925, Opinion and Decree.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Carriers of Passengers and Goods.—Par. 131.**

Plaintiff sues for damages alleged to have been occasioned certain shipments of freight shipped by plaintiff during Federal control of the railways. All shipments were made more than two years before the suit was intituted. Defendant pleads the prescription of two years as established by Act 223 of 1914. From a judgment maintaining the plea of prescription plaintiff has appealed.

Appeal from Civil District Court, Hon. Wynne G. Rogers, Judge.

Judgment affirmed.

Milling, Godchaux, Saal & Milling, attorneys for plaintiff and appellant.

Denegre, Leovy & Chaffe, attorneys for defendant and appellee.

WESTERFIELD, J. For reasons given in Penick & Ford Inc. vs. James C. Davis No. 8928 Orl. App. the judgment appealed from is affirmed.

---

No. 8930.

Orleans Appeal.

---

FRANK G. CHURCHILL v. ALBERT G. THOMAS, Appellant.

---

(April 27, 1925, Opinion and Decree.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Pleading—Par. 62; Appeal—Par. 568.**

An exception of no cause of action addressed to the insufficiency of allegation of plaintiff's petition which was susceptible of amendment, filed in the lower court, after the trial upon the merits and not passed upon by the trial court will not be considered an appeal.

2. **Louisiana Digest—Builders and Buildings—Par. 2.**

Where an architect is employed to prepare plans for a contemplated work and his compensation fixed at 5% of the lowest bid received for doing the work and no bids are asked for and the work not undertaken because of the employer's failure or refusal to go on with the contemplated building, the employer will be held to have waived the necessity of obtaining bids as a basis for fixing the architect's compensation and the architect will be entitled to compensation upon a *quantum meruit*.

Appeal from Civil District Court, Division "D", Hon. Porter Parker, Judge.

This is a suit for the fee of an architect for professional services.

Judgment for plaintiff. Defendant appealed.

Judgment amended and affirmed.

Terriberry, Rice & Young, attorneys for plaintiff and appellee.

Ed. Rightor, attorney for defendant and appellant.

WESTERFIELD, J. Plaintiff, an architect, sues defendant for $750.00 alleged to be due him as a fee for professional services. From a judgment in plaintiff's favor as prayed for, the defendant has appealed.

After trial upon the merits, defendant filed in the lower court an exception of no cause of action which was addressed to alleged insufficiency of allegation in plaintiff's petition. The exception does not appear to have been passed on below but if it had been filed *in limine* and maintained, plaintiff would have been permitted to amend. It is now too late. Succ. of Lefort, 139 La. 61, 71 South. 215, and authorities there cited.

The evidence establishes plaintiff's employment under the following conditions expressed in a letter of plaintiff to defendant and assented to by defendant:

"In reference to our conversation regarding the alterations to your residence, 444 Audubon St., will say that my commission for services will be as follows:

"Preliminary plans One Hundred and Eighty Dollars ($180.00).

"If the Working Plans and Specifications are made and bids taken and work then discontinued, my commission will be 5% of the total of the lowest bids received.

"If the work should go ahead, under my supervision, my commission will be 10% of the total final cost.

"In both of the two last cases referred to above, the fee for the Preliminary Plans is absorbed in the fee named.

"Awaiting your advice in the matter, I beg to remain."

Defendant admits being indebted to plaintiff in the sum of $180.00 for preliminary plans, but denies any further indebtedness.